**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DANNY CARTER
ADC #82560                                                                                           PLAINTIFF

V.                                          2:10CV00040 SWW/JTR

LAMS, Police Officer, Helena-West Helena Police;
and JISSIE BLAKELY, Owner, Blakely Liquor Store                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Danny Carter, who is currently a prisoner in the Arkansas Department of Correction, ("ADC") has filed a *pro se*[1] § 1983 Complaint and an Application to Proceed *In Forma Pauperis*. *See* docket entries #1 and #2. For the following reasons, the Court recommends that the

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Application to Proceed *In Forma Pauperis* be denied and that the case be dismissed, without prejudice.

## II. Discussion

**A.     Three Strikes Provision**

The Prison Litigation Reform Act contains a three-strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

The Court's records demonstrate that Plaintiff has previously filed at least three cases that were dismissed for failing to state a claim upon which relief may be granted. *See Carter v. Simmons*; 2:93CV00069 HW (dismissed on July 14, 1993); *Carter v. Kelly*, 2:95CV00098 JMM (dismissed on November 30, 1995); *Carter v. Norris*, 5:95CV00216 SWW (dismissed on May 22, 1995). Accordingly, Plaintiff accumulated three strikes, as defined by § 1915(g), prior to commencing this action on March 23, 2010.

**B.     Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g). *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical

injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient." (Emphasis in the original.) The Eighth Circuit also has been reluctant to apply the imminent danger exception unless the alleged ongoing danger exposes the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048,1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

In his Complaint, Plaintiff alleges that, *on July 10, 2007*, Defendant Police Officer Lams opened the door to Plaintiff's cell in the Helena-West Helena jail, and allowed Defendant Blakely, who is a private citizen, to enter Plaintiff's cell and beat him with a flash light. *See* docket entry #2. Plaintiff also alleges that Defendant Lams failed to provide him with adequate medical care for the injuries he sustained in the attack. *Id.*

At the time Plaintiff initiated this action, he was incarcerated in the ADC. There are no allegations in Plaintiff's Complaint which suggest he was in imminent danger of serious physical injury on or after the date he filed his Complaint on March 23, 2010. Accordingly, he has failed to satisfy the exception to the three-strikes rule, as set forth in § 1915(g).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) be DENIED.

2.	This § 1983 action be DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3.	The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 16th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE